# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>DAVID HAROLD CRYSTAL<br>a/k/a David H. Crystal; d/b/a Crystals Fix Up<br>Last four digits of social security #: 9953<br>ELIZABETH CRYSTAL<br>Last four digits of social security #: 9394<br>2645 Corn Pile Road<br>Myrtle Beach, SC 29588                    Debtors. | CASE NO: 17-03756-JW<br>CHAPTER: 13<br><br>NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST**: The above-captioned debtor[1] previously proposed a chapter 13 plan and motions; the debtor now moves, pursuant to 11 U.S.C. § 1323 and Fed. R. Bankr. P. 2002(a)(5) and 2002(b), to modify the proposed plan and motions as detailed below:

Changes Made: *section III(A) was amended to the Debtor shall pay to the Trustee the sum of $1,460 per month for a period of one (1) month, followed by payments of $1,510 for a period of fifty-nine (59) months.*

*Section IV(B)(5) was amended to treat the secured claim filed by W.S. Badcock Corporation*

Reason(s) for Change: *to accommodate claims filed.*

Specific Creditor(s) Directly Affected by Change: *W.S. Badcock Corporation*

This modification to the chapter 13 plan and motions, and the remaining terms of the chapter 13 plan and motions set forth below, may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

      A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

      B. DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

      A. <u>Nonpossessory, Nonpurchase-Money Lien:</u>   The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods: **None**

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated security interest/debt | Security interest <u>Not</u> avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

---

[1]When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior / unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| Conway Hospital - real property located at 2645 Corn Pile Road Myrtle Beach, SC 29588 | $1,118 | $149,450 | $20,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $155,770 | $0 | $1,118 |
| Conway Hospital - real property located at 2645 Corn Pile Road Myrtle Beach, SC 29588 | $2,693 | $149,450 | $20,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $155,770 | $0 | $2,693 |
| Hunters Ridge Landing HOA - real property located at 2645 Corn Pile Road Myrtle Beach, SC 29588 | $5,900 | $149,450 | $20,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $155,770 | $0 | $5,900 |
| Marci Cohoon - real property located at 2645 Corn Pile Road Myrtle Beach, SC 29588 | $1,080 | $149,450 | $20,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $155,770 | $0 | $1,080 |
| Robert Alan Franczak - real property located at 2645 Corn Pile Road Myrtle Beach, SC 29588 | $3,030 | $149,450 | $20,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $155,770 | $0 | $3,030 |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows: **None**

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| | | | | | |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected. **None**

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| | | | | |

III. **THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>PAYMENTS FROM THE DEBTOR TO THE CHAPTER 13 TRUSTEE (THE "TRUSTEE")</u>: The Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the Debtor will pay to the Trustee any portion of a recovery under a Pre-petition claim or cause of action that constitutes disposable income or is not exempt.

As provided for in the Operating Order of the judge assigned to this case ("Operating Order"), which is incorporated herein by reference, this plan provides for the Debtor to make Mortgage Payments to the Trustee on a conduit basis. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

The Debtor shall pay to the Trustee the sum of **$1,460** per month for a period of **one (1)** month, *followed by payments of $1,510 for a period of fifty-nine (59) months* unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

---

[2] For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

Except for the initial disbursement after confirmation, which is addressed in IV.A.1. below, the Trustee shall apply any funds received in the order set forth below:

1. Trustee percentage fees;
2. Ongoing Conduit Mortgage Payments;
3. All other secured claims (including but not limited to Pre-petition Mortgage Payments, Gap Payments, and Post-petition Charges) and Debtor's attorney's fees included in the Chapter 13 Plan, on a *pro rata* basis;
4. Priority unsecured claims on a *pro rata* basis;
5. General unsecured claims on a *pro rata* basis.

Nothing in this plan should be interpreted to impair the right of any party in interest to seek the appropriate relief from the Court as a result of the Debtor's failure to make Conduit Mortgage Payments or Plan Payments to the Trustee.

The Trustee is authorized to increase Debtor's monthly plan payments by the amount necessary to fund the Plan if the Plan becomes no longer mathematically viable due to the filing of any of the following:

1. Notice of Mortgage Payment Change;
2. A Compliant POC or any amendments thereto; or
3. Notice of Post-petition Fees, Expenses, and Charges (subject to ¶ IV(B)(3)(d) below).

The Trustee may make these payment changes by filing a **Trustee's Notice of Plan Payment Change** and providing notice to the Debtor and Debtor's attorney.

**An increase in Conduit Mortgage Payments may decrease the dividend, if any, paid to general unsecured creditors. Unless the Debtor is required to pay specific dollar amounts to priority and/or general unsecured creditors under 11 U.S.C. § 1325(a) or (b), the Trustee is not required to seek an increase in plan payments in order to achieve or maintain a certain dividend to general unsecured creditors.**

Nothing herein shall prevent the Debtor from seeking a reduction in plan payments in the event the Conduit Mortgage Payment decreases for any of the reasons listed in this section

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim, *nor from any actions discovered from the documentation, or lack thereof, in a proof of claim*. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:      A. <u>Attorney for the debtor</u>:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of **$4,200** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$1,000** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,500 to the attorney from the initial disbursement.[4] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

---

[3] Nothing in this section is intended to alter the provisions of SC LBR 3015-1 and the exhibits thereto, which provide that following confirmation of the plan, the Trustee shall make an initial fee disbursement to the attorney for the Debtor.

[4] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

B. <u>Secured Creditor Claims:</u> The plan treats secured claims as follows:

1. <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to **Chrysler Capital** and will continue regular payments directly to that creditor. Description of collateral: **2016 Dodge Ram** - *debt exceeds the life of the plan*

3.      **Mortgage payments.**
**2645 Corn Pile Road Myrtle Beach, SC 29588          TMS# 1712601074**

Ongoing Mortgage Payments will be paid by the Trustee to Mortgage Creditors **Seterus, PO Box 1077, Harford, CT 06143** on a conduit basis. For so long as the Debtor remains current in Payments pursuant to the plan, and regardless of the date of disbursement of the Conduit Mortgage Payment by the Trustee, the Mortgage Creditor, any servicer, trustee for the loan, or successor-in-interest, shall not: (1) declare the loan in default; (2) impose any Post-petition Charge; or (3) seek to recover or assess late fees or penalties. Payments from the Debtor to the Trustee that are returned for insufficient funds or for other reasons by the Trustee's financial institution will be deemed "not received." The Mortgage Creditor shall apply all Trustee disbursements as designated by the Trustee, in accordance with the classes below:

a. **Pre-petition Arrears**.

To **Seterus**: The Trustee shall pay the **Pre-petition Arrearage (including month of filing or conversion)** as stated in the creditor's allowed claim or as otherwise ordered by the Court at the rate of **$262** or more per month, along with *0%* interest.

b. **<u>Conduit Mortgage Payments (ongoing Post-petition Monthly Mortgage Payments)</u>**.

Beginning in the third calendar month following the filing of the Petition, or conversion, or the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, the Trustee shall pay the ongoing Mortgage Payments due to Mortgage Creditors as indicated in the chart below. Unless otherwise ordered, Conduit Mortgage payments will be retained by the Trustee until after confirmation of the plan and until such time as either the Debtor files a proof of claim for the Mortgage Creditor pursuant to 11 U.S.C. § 501(c), or the Mortgage Creditor files a proof of claim in compliance with the Official Forms. Mortgage Creditors shall apply the payments designated by the Trustee as Conduit Mortgage Payments solely to Post-petition obligations that accrue during or after the month specified herein. If the Conduit Mortgage Payments are placed into a suspense, forbearance, or similar account, they will be deemed to have been timely applied pursuant to this subsection. Mortgage Creditors shall file and serve a Notice of Mortgage Payment Change in accordance with the applicable Official Form, within the deadline and in compliance with the service requirements set forth in F.R.B.P. 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the plan.

| *Mortgage Creditor's name, including mortgage servicer /trustee as applicable, at time of last notice* | *Ongoing Monthly Mortgage Payment Amount* * | *Does Monthly Mortgage Payment include escrows for:* <br> a) real estate taxes? Yes; <br> Amount: __Unknown__ <br> b) homeowners' insurance? Yes <br> Amount: __Unknown__ |
|---|---|---|
| **Seterus** | **$811.66** | |

*Amount(s) listed above will be deemed to be the amount of the ongoing Monthly Mortgage Payment. The Debtor asserts that the above amount is correct as of the last written notice (including escrow amounts, if applicable). Upon the filing of a Proof of Claim in compliance with the Official Forms and F.R.B.P. Rule 3002 or 3004, and twenty-one (21) days after the filing of a Notice of Mortgage Payment Change filed in compliance with the deadlines and service requirements set forth in F.R.B.P. 3002.1(b) and using the applicable Official Forms, the Trustee shall be authorized to disburse the monthly payment amount provided by the Mortgage Creditor, if that amount is higher than stated in the plan.

        c. **Gap payments**. The Post-petition Mortgage Payments for the two (2) months immediately after the petition is filed or the case is converted to Chapter 13, or the two (2) months immediately after the occurrence of any other event requiring the Debtor to make Conduit Mortgage Payments, shall be cured over the full term of the plan at the rate of **$28** or more per month, along with *0%* interest

        d. **Post-petition Charges**. This class includes all payments due to the Mortgage Creditor as described in any Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1(c) ("3002.1(c) Notice"), filed with the Court. The Debtor will be responsible for reviewing all filed 3002.1(c) Notices within 60 days of the date of filing of such notice. If the Debtor fails to object within 60 days, then the Trustee may pay these amounts as filed, on a pro rata basis as funds are available. The Debtor's failure to object will be deemed as a waiver of any claim against the Trustee for payment of these amounts. Any request for refund of overpayment or obligation for underpayment will be the sole responsibility of the Debtor. Once the Trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the Debtor shall be directly responsible for any further Post-petition fees and charges.

        e. **Post-petition Arrears resulting from the Debtor's Post-petition delinquency in either Conduit Mortgage Payments or plan payments**. **None**

To (**creditor name**): The Trustee shall pay the Post-petition Arrearage for the following calendar month(s):_____. Disbursements will be made at the rate of **$payment amount** or more per month, **[along with (percent)% interest, if applicable].**

    4. Secured portion of claims altered by valuation and lien avoidance: The trustee shall pay (creditor name) the sum of $ (payment amount) or more per month, along with (percentage) % interest until the secured claim of $ (amount of secured claim) established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim. **None**

    5. Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien): The trustee shall pay **Title Max** the sum of **$115** or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

The trustee shall pay **W.S. Badcock Corporation** the sum of **$13** or more per month, along with 5.25% interest until the allowed secured claim is paid in full.

    6. Surrender of property: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: (Name of creditor and property address or collateral description). Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

    7. Secured tax debt: The trustee shall pay **the Internal Revenue Service** the sum of **$46** or more per month until the net balance of creditor's secured claim plus 5.25 % interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

    C. Priority Creditors: Priority claims shall be paid as follows:

1. Domestic Support Claims. 11 U.S.C. § 507(a)(1): **None**

    a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

    b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2. Other Priority debt. The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D. Executory Contracts and Unexpired Leases: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court. **None**

E. General Unsecured Creditors: General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does not propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor. *Moreover, the debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.*

Date: September 7, 2017                    BY: _____
                                                R. Michael Drose    District Court I.D. #609
                                                Drose Law Firm
                                                Attorney for the Debtor/*Pro Se* Debtor
                                                3955 Faber Place Drive, Suite 103
                                                Charleston, SC 29405
                                                Phone: 843-767-8888
                                                Fax: 843-203-3260
                                                drose@droselaw.com

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*
*(2) The consequences of any default under the plan, including the direct payments to creditors; and*
*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

_____                    _____
David Harold Crystal                                Elizabeth Crystal

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

Label Matrix for local noticing
0420-2
Case 17-03756-jw
District of South Carolina
Charleston
Wed Sep  6 10:01:05 EDT 2017

ARS Account Resolution
1643 Harrison Pkwy Ste 1
Sunrise FL 33323-2857

Applied Bank
PO Box 17125
Wilmington DE 19850-7125

Attorney General of The US
Civil Division Bankruptcy Section
US Department of Justice
Washington DC 20530-0001

CCS First National Bank
500 E 60th St. N
Sioux Falls SD 57104-0478

Calvary Portfolio Services
PO Box 27288
Tempe AZ 85285-7288

(p)CAPITAL ONE
PO BOX 30285
SALT LAKE CITY UT 84130-0285

Chrysler Capital
Attn Bankruptcy Dept
PO Box 961278
Fort Worth TX 76161-0278

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

Conway Hospital
PO Box 829
Conway SC 29528-0829

David Harold Crystal
2645 Corn Pile Road
Myrtle Beach, SC 29588-8466

Elizabeth Crystal
2645 Corn Pile Road
Myrtle Beach, SC 29588-8466

R. Michael Drose
3955 Faber Place Drive
Suite 103
North Charleston, SC 29405-8565

Financial Data Systems
1638 Military Cutoff Road
Wilmington NC 28403-5716

Grand Strand Regional
809 82nd Pkwy
Myrtle Beach SC 29572-4607

HSBC Bank
PO Box 5253
Carol Stream IL 60197-5253

HSBC Bank Nevada
PO Box 5253
Carol Stream IL 60197-5253

Horry County Treasurer
PO Box 1828
Conway SC 29528-1828

Hunters Ridge Landing Homeowners Assoc
1810 Greens Blvd #104
Myrtle Beach SC 29577-8016

Hunters Ridge Landing Homeowners Assoc
c/o Luther O McCutchen III Esquire
4610 Oleander Drive Suite 203
Myrtle Beach SC 29577-5752

Hunters Ridge Landing Homeowners Association
c/o McCutchen, Mumford, Vaught & Ge
4610 Oleander Drive, Suite 203
Myrtle Beach, SC 29577-5752

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Key Bridge
2348 Baton Rouge
Lima OH 45805-1167

LVNV Funding LLC
PO Box 10497
Greenville SC 29603-0497

Marci Cohoon
841 Kings River Road
Pawleys Island SC 29585-6941

Medical Data Systems
2120 15th Avenue
Vero Beach FL 32960-3436

Medicredit Inc
PO Box 1629
Maryland Heights MO 63043-0629

Michael H Sartip Esquire
PO Box 808
Myrtle Beach SC 29578-0808

Midland Funding
2365 Northside Dr Ste 30
San Diego CA 92108-2709

Monarch Recovery Management
10965 Deactur Road
Philadelphia PA 19154-3210

| | | |
|---|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Receivables Managament Corp<br>1601 Shop Road Suite D<br>Columbia SC 29201-4855 |
| Robert Alan Franczak<br>589 Wildflower Trail<br>Myrtle Beach SC 29579-7221 | SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | Seterus<br>PO Box 1077<br>Hartford CT 06143-1077 |
| Swiss Colony<br>1112 7th Avenue<br>Monroe WI 53566-1364 | Synchrony Bank<br>Attn Bankruptcy Department<br>PO Box 965060<br>Orlando FL 32896-5060 | Target<br>PO Box 673<br>Minneapolis MN 55440-0673 |
| (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US Attorney for South Carolina<br>For The Internal Revenue Service<br>1441 Main Street Suite 500<br>Columbia SC 29201-2897 |
| W.S. Badcock, Corporation<br>P.O. Box 724<br>Mulberry, FL 33860-0724 | Wakefield & Associates<br>7005 Middlebrook Pike<br>Knoxville TN 37909-1156 | Web Bank<br>PO Box 81577<br>Austin TX 78708-1577 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | Jason D Wyman<br>Rogers Townsend & Thomas, PC<br>PO Box 100200<br>Columbia, SC 29202-3200 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Capital One Bank<br>PO Box 85015<br>Richmond VA 23285-5015 | Internal Revenue Service<br>1835 Assembly Street<br>Stop MDP 39<br>Columbia SC 29201 | Portfolio Recovery<br>120 Corporate Blvd Ste 1<br>Norfolk VA 23502 |
| Title Max<br>1627 Highway 501<br>Myrtle Beach SC 29577 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Federal National Mortgage Association (Fan | (d)Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |

End of Label Matrix
Mailable recipients    46
Bypassed recipients     3
Total                  49